UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re Subpoena in | ) |
| | ) |
| COLLINS, et al. | ) |
| | ) |
| v. | ) Miscellaneous No. _____ |
| | ) Super. Ct. Case No. 0005633-07 |
| SMITHKLINEBEECHAM CORP d/b/a | ) Subpoena matter |
| GLAXOSMITHKLINE, INC. | ) |
| | ) |

## NOTICE OF REMOVAL OF SUBPOENA

The United States Attorney, through the undersigned attorneys, and on behalf of David Voyles, a federal employee of the Smithsonian Institution, respectfully files this Notice of Removal of a subpoena matter pursuant to 28 U.S.C. §§ 1442(a)(1), 1446; Brown & Williamson Tobacco Corp. v. Williams, 62 F.3d 408, 412-415 (D.C. Cir. 1995); and Houston Business Journal, Inc. v. Office of the Comptroller of the Currency, 86 F.3d 1208, 1211 (D.C. Cir. 1996). In support of this notice, Mr. Voyles states as follows:

1. Mr. Voyles, a federal employee of the Smithsonian Institution, has been issued a subpoena *ad testificandum* by SmithKline Beecham Corporation d/b/a/ GlasxoSmithKline, Inc., requesting that he appear for a deposition at LAD Reporting, 1100 Connecticut Avenue, N.W., Suite 850, Washington, D.C. 20036, in the matter of Collins, et al., v. SmithKline Beecham Corporation d/b/a GlaxoSmithKline, Inc., Case No. 000762, pending in the Court of Common Pleas, Civil Trial Division, Philadelphia County.

2. A copy of the subpoena is attached hereto.

3. The subpoena requires Mr. Voyles to appear for a deposition to give testimony

about facts Mr. Voyles observed by virtue of his official duties and in his official capacity as a federal employee.

4.  Mr. Voyles will move to quash the subpoena, relying on federal law. The motion to quash is being filed simultaneously herewith.

5.  This notice of removal is brought pursuant to 28 U.S.C. §§ 1442(a)(i) and 1446; Brown & Williamson Tobacco Corp. v. Williams, 62 F.3d 408, 412-415 (D.C. Cir. 1995); and Houston Business Journal, Inc. v. Office of the Comptroller of the Currency, 86 F.3d 1208, 1211 (D.C. Cir. 1996).

WHEREFORE, this subpoena matter is properly removed from the Superior Court of the District of Columbia, to this Court, pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446; and Brown & Williamson Tobacco Corp. v. Williams; and Houston Business Journal, Inc., supra. The underlying civil case, in the Court of Common Please, Civil Trial Division, Philadelphia County, is not affected by the removal of this subpoena matter.

Dated: August 24, 2007                      Respectfully submitted,

/s/ Jeffrey A. Taylor /dch
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/ Rudolph Contreras /dch
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C. 20530
(202) 305-4851
kenneth.adebonojo@usdoj.gov

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| COLLINS, et al. | ) |
| | ) |
| v. | ) Super. Ct. Case No. 0005633-07 |
| | ) Subpoena matter |
| SMITHKLINEBEECHAM CORP d/b/a | ) |
| GLAXOSMITHKLINE, INC. | ) |

**NOTICE OF FILING OF NOTICE OF**
**REMOVAL OF SUBPOENAS**

TO:   Lauren Reeder, Esq.
      King & Spalding
      1700 Pennsylvania Avenue, N.W.
      Washington, D.C. 20006
      Atty. for Respondent

PLEASE TAKE NOTICE THAT ON August 24, 2007, David Voyles, an employee of the Smithsonian Institution, through counsel, filed with the Clerk of the Superior Court of the District of Columbia, a Notice of Removal of the subpoena matter in the above-referenced civil action, pending in the Court of Common Pleas, Civil Trial Division, Philadelphia County. A copy of the Notice of Removal is attached hereto. The Superior Court of the District of Columbia, with regard to the Subpoena ad Testificandum "shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).

Dated: August 24, 2007.                    Respectfully submitted,

*Jeffrey A. Taylor* /dnh
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

*Rudolph Contreras* /dnh
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Room E-4210
Washington, D.C. 20530
(202) 514-7157
kenneth.adebonojo@usdoj.gov

## UNITED STATES DISTRICT COURT
## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 24th day of August, 2007, I caused service of the following: Notice of Filing of Notice of Removal and Notice of Removal, to be made on Respondent, through counsel, addressed to:

Lauren Reeder, Esq.
King & Spalding
1700 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Atty. for Respondent

/s/ _____
KENNETH ADEBONOJO
Assistant United States Attorney

# SUBPOENA

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001    Telephone (202) 879-1133

Collins, et al. _____
                    Plaintiff

v.

SmithKlineBeecham Corp. d/b/a
GlaxoSmithKline, Inc. _____
                    Defendant

SUBPOENA IN A CIVIL CASE

CASE NUMBER: 0005633-07

To: David Voyles

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above case.

| COURTROOM | DATE | TIME |
|---|---|---|
|  |  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE | TIME |
|---|---|---|
| L.A.D. Reporting, 1100 Connecticut Ave., NW, Suite 850, Washington, DC 20036 | August 29, 2007 | 5:00 pm |

...ing of the following documents or

---

**CAPITOL PROCESS SERVICES, INC.**              7980
PH. 202-667-0050
1827 18TH STREET, NW
WASHINGTON, DC  20009

Date 08/16/07                           66-54-514

Pay to the order of  David Voyles         $ 5.00

Five and 00/100 ---------- Dollars

WACHOVIA BANK, N.A.
WACHOVIA.COM

VOID IF OVER $100.00

For  w/f 192953

⑆000007980⑆ ⑈051400549⑈ 20000076131710⑆

---

ISSUING PERSON'S SIGNATURE AND TITLE (indicate if attorney for plaintiff or defendant)    8-14-07

Attorney for defendant   Lauren Reeder

ISSUING PERSON'S NAME, ADDRESS AND PHONE NUMBER    (202) 661-7933
Lauren Reeder              1700 Pennsylvania Avenue, NW
King & Spalding LLP        Washington, DC  20006       DC Bar # 494572

(SEE RULE 45, SUPERIOR COURT RULES OF CIVIL PROCEDURE ON REVERSE)

WHITE—ORIGINAL    YELLOW—FOR RETURN SERVICE    PINK—OFFICE COPY

Form CV(6)-437/May 04

Authorization as required by D.C. Code §14-307 and Brown v. U.S., 567 A. 2d 426 (D.C. 1989), is hereby given for issuance of a subpoena for medical records concerning a person who has not consented to disclosure of the records and has not waived the privilege relating to such records.

_____
Judge To Whom Case Is Assigned

## PROOF OF SERVICE

| | DATE | TIME | PLACE |
|---|---|---|---|
| SERVED | | | |

SERVED ON (PRINT NAME)    MANNER OF SERVICE
(attach return receipt if service was made by registered or certified mail)

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the District of Columbia that I am at least 18 years of age and not a party to the above entitled cause and that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                DATE                 SIGNATURE OF SERVER

                                     _____
                                     ADDRESS OF SERVER

---

RULE 45, SUPERIOR COURT RULES OF CIVIL PROCEDURE, Sections C & D:

(c) **Protection of Persons Subject to Subpoenas.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The Court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this Rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the Court. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the Court shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 25 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this Rule, such a person may in order to attend trial be commanded to travel from any such place to the place of trial, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 25 miles to attend trial, the Court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the Court may order appearance or production only upon specified conditions.

(d) **Duties in Responding to Subpoena.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.