UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re Subpoena in<br><br>COLLINS et al.<br><br>                Plaintiff,<br>v.<br><br>SMITHKLONEBEECHAM CORP d/b/a<br>GLAXOSMITHKLINE, INC.,<br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Misc. No. _____<br>)<br>)<br>)<br>)<br>)<br>) |

## MOTION TO QUASH

The United States Attorney, through the undersigned attorneys and on behalf of David Voyles, a federal employee of the Smithsonian Institution, hereby moves to quash the subpoena issued in this matter.

The Court is respectfully referred to the accompanying memorandum in support of this motion. A proposed order also accompanies the motion.

August 24, 2007                     Respectfully submitted,

 

_/s/ Jeffrey A. Taylor_
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_/s/ Rudolph Contreras_
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

_/s/ Kenneth Adebonojo_
KENNETH ADEBONOJO
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re Subpoena in<br><br>COLLINS, et al.<br><br>         Plaintiff,<br>v.<br><br>SMITHKLINEBEECHAM CORP. d/b/a<br>GLAXOSMITHKLINE, INC.,<br><br>         Defendants. | )<br>)<br>)<br>)<br>)<br>)   Misc. No. _____<br>)<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO QUASH

INTRODUCTION

This motion to quash concerns a subpoena issued by the Superior Court of the District of Columbia to David Voyles, a federal employee of the Smithsonian Institution ("Smithsonian"). The subpoena requires Mr. Voyles to appear for a deposition to give testimony about facts that he observed while performing his official duties and in his official capacity. On or about August 3, 2007, counsel for SmithKlineBeecham Corp. provided a copy of the Voyles subpoena to the Smithsonian. See Exhibits 1 and 2 to the Notice of Removal). The subpoena matter has been removed to this Court, consistent with Brown & Williamson Tobacco Corp. v. Williams, 62 F.3d 408, 412-415 (D.C. Cir. 1995). See Docket No. 1. The applicable law and Federal Sovereign Immunity preclude a federal employee's appearance to testify at a deposition in response to a Superior Court subpoena. The subpoena also violates the Supremacy Clause. Thus, as is more fully explained below, the subpoena should be quashed.

## ARGUMENT

The District of Columbia Superior Court's subpoena should be quashed because, as the Court of Appeals has made clear, "[i]n state court the federal government is shielded by sovereign immunity, which prevents the state court from enforcing a subpoena." Houston Bus. Journ. v. OCC, 86 F.3d 1208, 1211 (D.C. Cir. 1996).[1] This immunity should extend to Mr. Voyles. In Sharon Lease Oil Co. v. Fed. Energy Reg. Comm'n, the court quashed a Superior Court subpoena served on a federal employee because it concluded that sovereign immunity extended to federal employees. 691 F. Supp. 381, 383 (D.C. Dist. 1988)(citing Hawaii v. Gordon, 373 U.S. 57, 58 (1963)(noting that the general rule is that relief sought nominally against an officer is in fact against the sovereign); (see Kennedy v. Rabinowitz, 318 F.2d 181 (D.C. Cir. 1963)(noting that "if the essential nature and effect of the proceeding may be such as to make plain that the judgment sought would...interfere with the public administration the suit is one against the sovereign"). Specifically, the court noted that the subpoena served on a federal employee affected the sovereign because it compelled the employee to testify about matters that were inextricably intertwined with his job duties and responsibilities.

The within matter is all all-fours. First, there is no question here that sovereign immunity applies. This immunity should extend to Mr. Voyles for the same reasons that it did in Sharon Lease. The subpoena served on Mr. Voyles requires him to give testimony that is inseparable from his job duties and responsibilities. The subpoena implicates observations that Mr. Voyles made solely because he is a federal employee. Moreover, the relief sought by the subpoena

---

[1] Pursuant to 28 U.S.C. 1451, the Superior Court of the District of Columbia is treated as a "State Court" for purposes of cases, such as this one, which are brought pursuant to the federal removal statutes.

would compel Mr. Voyles to divulge official government information, thereby effectively making the subpoena active against the United States.

As the Sharon Oil court noted, in addition to immunity, there are practical reasons why the subpoena must be quashed. The court noted that "the essential nature and effect of the subpoena [is that it] will interfere with the public administration." Id. If federal employees were routinely required to testify in state court matters, a significant loss of manpower hours is the predictable result. Id. The same concern exists here if the subpoena is not quashed.

The other and equally strong grounds to quash this subpoena is that a situation where a state court seeks to compel a federal entity to comply with a subpoena violates the Supremacy Clause. Boron Oil v. Downie, 873 F.2d 67, 71 (4th Cir. 1989). Accordingly, quashing the subpoena is also proper under the Supremacy.

Nor can the subpoena be enforced because it has been removed. It is well-settled that "because a federal court's jurisdiction upon removal is derivative of the state court's, the federal court in a removed action is also barred from enforcing a subpoena against the federal government." Houston Bus. Journ., 86 F.3d at 1212.

For the forgoing reasons, the subpoena issued by the Superior court was void ab initio.

## CONCLUSION

Wherefore, the subpoena should be quashed and the subpoena matter dismissed.

Respectfully submitted,

*Jeffrey A. Taylor /dwh*
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

3

*[signature]*
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

*[signature]*
KENNETH ADEBONOJO
Assistant United States Attorney

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing motion to quash was sent by mail and facsimile to:

Lauren Reeder, Esq.
King & Spalding
1700 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Atty. for Respondent

on this 24th day of August, 2007.

KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.,
Washington, DC 20530
(202) 514-7157
kenneth.adebonojo@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re Subpoena in )<br>)<br>UNITED STATES OF AMERICA )<br>)<br>    Plaintiff, )<br>v. )<br>)<br>SMITHKLONEBEECHAM CORP d/b/a )<br>GLAXOSMITHKLINE, INC., )<br>)<br>    Defendants. )<br>_____) | Misc. No. _____ |

ORDER

  Upon consideration of the Motion To Quash filed by the Office of the United States Attorney for the District of Columbia, for the reasons set forth in support thereof, and upon consideration of the entire record herein, it is this _____ day of ____, 2007

  ORDERED that the motion to quash shall be and is hereby granted, the subpoena is quashed and this subpoena matter shall be and is hereby dismissed.

_____
UNITED STATES DISTRICT JUDGE

KENNETH ADEBONOJO
Assistant U.S. Attorney
Judiciary Center Building
555 4th Street, N.W.
Washington, DC 20530

CHRISTINE NICHOLSON
Associate General Counsel
Smithsonian Institution
Washington, D.C. 20026

LAUREN REEDER, ESQ.
KING & SPALDING
1700 Pennsylvania Avenue, N.W.
Washington, D.C. 20006

**EXHIBIT 1**

# SUBPOENA

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001    Telephone (202) 879-1133

Collins, et al.
_____
                Plaintiff

v.

SmithKlineBeecham Corp. d/b/a
GlaxoSmithKline, Inc.
_____
                Defendant

SUBPOENA IN A CIVIL CASE

CASE NUMBER: 0005633-07

To: David Voyles

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above case.

| COURTROOM | DATE | TIME |
|---|---|---|
|  |  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE | TIME |
|---|---|---|
| L.A.D. Reporting, 1100 Connecticut Ave., NW, Suite 850, Washington, DC 20036 | August 29, 2007 | 5:00 pm |

...production of the following documents or...

---

**CAPITOL PROCESS SERVICES, INC.**                                 7980
PH. 202-667-0050
1827 18TH STREET, NW
WASHINGTON, DC 20009

Date 08/16/07                                68-54-514

Pay to the order of __David Voyles__                    $ 5.00

__Five and 00/100__                                    Dollars

WACHOVIA BANK, N.A.
WACHOVIA.COM                                           VOID IF OVER $100.00

For w/f 192953

⑈000007980⑈ ⑆051400549⑆ 200000761317⑈

---

ISSUING PERSON'S SIGNATURE AND TITLE (indicate if attorney for plaintiff or defendant)       8-14-07

Attorney for defendant  _Lauren Reeder_

ISSUING PERSON'S NAME, ADDRESS AND PHONE NUMBER   (202) 661-7933
Lauren Reeder                1700 Pennsylvania Avenue, NW
King & Spalding LLP          Washington, DC 20006           DC Bar #499572

(SEE RULE 45, SUPERIOR COURT RULES OF CIVIL PROCEDURE ON REVERSE)

WHITE—ORIGINAL     YELLOW—FOR RETURN SERVICE     PINK—OFFICE COPY

Authorization as required by D.C. Code §14-307 and Brown v U.S., 567 A. 2d 426 (D.C. 1989), is hereby given for issuance of a subpoena for medical records concerning a person who has not consented to disclosure of the records and has not waived the privilege relating to such records.

Judge To Whom Case Is Assigned

## PROOF OF SERVICE

|  | DATE | TIME | PLACE |
|---|---|---|---|
| SERVED |  |  |  |

SERVED ON (PRINT NAME)   MANNER OF SERVICE
(attach return receipt if service was made by registered or certified mail)

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the District of Columbia that I am at least 18 years of age and not a party to the above entitled cause and that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
              DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

**RULE 45, SUPERIOR COURT RULES OF CIVIL PROCEDURE, Sections C & D:**

(c) Protection of Persons Subject to Subpoena.

   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The Court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

   (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

   (B) Subject to paragraph (d)(2) of this Rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the Court. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

   (3)(A) On timely motion, the Court shall quash or modify the subpoena if it
      (i) fails to allow reasonable time for compliance,
      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 25 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this Rule, such a person may in order to attend trial be commanded to travel from any such place to the place of trial, or
      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
      (iv) subjects a person to undue burden.

   (B) If a subpoena
      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 25 miles to attend trial, the Court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the Court may order appearance or production only upon specified conditions.

(d) Duties in Responding to Subpoena.

   (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

   (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re Subpoena in | ) |
| | ) |
| COLLINS, et al. | ) |
| | ) |
| v. | ) Miscellaneous No. _____ |
| | ) Super. Ct. Case No. 0005633-07 |
| SMITHKLINEBEECHAM CORP d/b/a | ) Subpoena matter |
| GLAXOSMITHKLINE, INC. | ) |
| | ) |

### NOTICE OF REMOVAL OF SUBPOENA

The United States Attorney, through the undersigned attorneys, and on behalf of David Voyles, a federal employee of the Smithsonian Institution, respectfully files this Notice of Removal of a subpoena matter pursuant to 28 U.S.C. §§ 1442(a)(1), 1446; Brown & Williamson Tobacco Corp. v. Williams, 62 F.3d 408, 412-415 (D.C. Cir. 1995); and Houston Business Journal, Inc. v. Office of the Comptroller of the Currency, 86 F.3d 1208, 1211 (D.C. Cir. 1996). In support of this notice, Mr. Voyles states as follows:

1. Mr. Voyles, a federal employee of the Smithsonian Institution, has been issued a subpoena *ad testificandum* by SmithKline Beecham Corporation d/b/a/ GlasxoSmithKline, Inc., requesting that he appear for a deposition at LAD Reporting, 1100 Connecticut Avenue, N.W., Suite 850, Washington, D.C. 20036, in the matter of Collins, et al., v. SmithKline Beecham Corporation d/b/a GlaxoSmithKline, Inc., Case No. 000762, pending in the Court of Common Pleas, Civil Trial Division, Philadelphia County.

2. A copy of the subpoena is attached hereto.

3. The subpoena requires Mr. Voyles to appear for a deposition to give testimony

about facts Mr. Voyles observed by virtue of his official duties and in his official capacity as a federal employee.

4.  Mr. Voyles will move to quash the subpoena, relying on federal law. The motion to quash is being filed simultaneously herewith.

5.  This notice of removal is brought pursuant to 28 U.S.C. §§ 1442(a)(i) and 1446; Brown & Williamson Tobacco Corp. v. Williams, 62 F.3d 408, 412-415 (D.C. Cir. 1995); and Houston Business Journal, Inc. v. Office of the Comptroller of the Currency, 86 F.3d 1208, 1211 (D.C. Cir. 1996).

WHEREFORE, this subpoena matter is properly removed from the Superior Court of the District of Columbia, to this Court, pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446; and Brown & Williamson Tobacco Corp. v. Williams; and Houston Business Journal, Inc., supra. The underlying civil case, in the Court of Common Pleas, Civil Trial Division, Philadelphia County, is not affected by the removal of this subpoena matter.

Dated: August 24, 2007                Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C. 20530
(202) 305-4851
kenneth.adebonojo@usdoj.gov