# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 07-5358**                                                              **September Term, 2007**

FILED ON: APRIL 29, 2008

IN RE: SUBPOENA IN COLLINS ET AL.

DAVID VOYLES,
        APPELLEE

v.

SMITHKLINE BEECHAM CORPORATION, D/B/A GLAXOSMITHKLINE INC.,
        APPELLANT

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED  APR 29 2008

CLERK

---

Appeal from the United States District Court
for the District of Columbia
(No. 07ms00333)

---

Before: HENDERSON, BROWN and KAVANAUGH, *Circuit Judges.*

## JUDGMENT

This cause came on to be heard on the record on appeal from the United States District Court for the District of Columbia and was argued by counsel. On consideration thereof, it is

**ORDERED** and **ADJUDGED** that the judgment of the District Court appealed from in this cause is hereby reversed and the case is remanded to the district court for further proceedings, in accordance with the opinion of the court filed herein this date.

### Per Curiam

**MANDATE**
Pursuant to the provisions of Fed. R. App.Pro.41(a)
ISSUED:
BY:
ATTACHED: ___ Amending Order
___ Opinion
___ Order on Costs

FOR THE COURT:
Mark J. Langer, Clerk

BY: /s/
Michael C. McGrail
Deputy Clerk

Date: April 29, 2008

Opinion for the court filed by Circuit Judge Brown.
Circuit Judge Henderson concurs in the judgment.

A True Copy:
United States Court of Appeals
for the District of Columbia Circuit

By: _____ Deputy Clerk

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued March 14, 2008          Decided April 29, 2008

No. 07-5358

IN RE: SUBPOENA IN COLLINS ET AL.

DAVID VOYLES,
APPELLEE

v.

SMITHKLINE BEECHAM CORPORATION, *D/B/A* GLAXOSMITH-
KLINE INC.,
APPELLANT

---

Appeal from the United States District Court
for the District of Columbia
(No. 07ms00333)

---

    *Lauren S. Reeder* argued the cause for appellant. With her on the briefs was *James K. Vines*.

    *Kenneth Adebonojo*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Jeffrey A. Taylor*, U.S. Attorney, and *R. Craig Lawrence*, Assistant U.S. Attorney.

2

Before: HENDERSON, BROWN and KAVANAUGH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* BROWN.

*Circuit Judge* HENDERSON concurs in the judgment.

BROWN, *Circuit Judge*: GlaxoSmithKline (GSK) appeals a district court order quashing a subpoena commanding David Voyles, a Smithsonian employee, to testify at a deposition. GSK planned to ask him about his personal observations of a co-worker's behavior. Because GSK's request for information does not violate federal sovereign immunity, we reverse and remand to the district court for further proceedings.

I

Bobby Collins committed suicide and his family claims "Paxil," an anxiety-disorder drug made by GSK, is to blame. The Collins family sued GSK in Pennsylvania state court, alleging Paxil radically changed Collins' behavior and led him to take his own life. GSK asserts Paxil caused no such change. To help prove it, GSK wants to depose Voyles, Collins' supervisor at the Smithsonian, about Collins' behavior before he began taking Paxil. During an informal interview, Volyes told GSK that Collins didn't get along well with his co-workers and his mood changed dramatically from one day to the next.

Through interviews with other employees, GSK learned Christine Nicholson, the Smithsonian's Associate General Counsel, advised them not to speak with GSK without her approval. Believing GSK's inquiries implicated federal sovereign immunity, Nicholson instructed Smithsonian employees not to comply with any state court subpoena. However, Nicholson allowed GSK to informally interview another

3

Smithsonian employee in her presence, and she did not object to any of GSK's questions. When GSK told her it would depose Voyles, Nicholson warned GSK that she would have the subpoena proceedings removed to federal district court and move to quash it.

Undeterred, GSK obtained a commission from the Pennsylvania court to depose Voyles. That court sent the commission to the Superior Court of the District of Columbia, which issued a subpoena on August 14, 2007 commanding Voyles to testify at a deposition two weeks later.

On August 24, the United States Attorney removed the proceedings to federal district court on Voyles' behalf. The government moved to quash the subpoena, claming that Voyles' observations were official Smithsonian information because Voyles only saw Collins at work; therefore, sovereign immunity barred the district court from enforcing the subpoena. Moreover, despite GSK's repeated assurances that it would schedule the deposition at a time and place convenient to the Smithsonian, the government claimed practical reasons—the potential flood of importunate requests—also made the subpoena improper.

Without explanation, the district court granted the government's motion to quash on October 12, 2007 in a one-sentence minute order. GSK now appeals that order.[1]

II

The government claims sovereign immunity deprived the Superior Court of power to enforce the subpoena, and because the district court's jurisdiction on removal was derivative, the district court properly quashed the subpoena. We assume this

---

[1] Voyles is nominally the party asserting sovereign immunity. But where convenient, we refer to the government as the party because it argued on Voyles' behalf.

4

is why the district court quashed the subpoena. Since neither party disputes the underlying facts, we review *de novo* the issue of whether sovereign immunity applies. *See Peninsula Asset Mgmt. (Cayman) Ltd. v. Hankook Tire Co.*, 476 F.3d 140, 143 (2d Cir. 2007) (per curiam).

A

We first address whether removal was proper. Voyles is currently the Associate Director of Finance for the Smithsonian's Office of Facilities, Engineering and Operations. At the time he observed Collins, he was the Chief of the Security Services Division for the Office of Protection Services. In relevant part, 28 U.S.C. § 1442(a)(1) permits "any officer … of the United States or of any agency thereof," or "any person acting under that officer," to remove a "civil action" against "any act under color of such office."

"[A]gency" includes any "independent establishment … of the United States …, unless the context shows that such term was intended to be used in a more limited sense." 28 U.S.C. § 451. Since the Smithsonian is an "independent establishment of the United States" within the Federal Tort Claims Act's definition of "[f]ederal agency," *Expeditions Unlimited Aquatic Enters., Inc. v. Smithsonian Inst.*, 566 F.2d 289, 296 (D.C. Cir. 1977) (en banc opinion reinstating panel opinion), we conclude the Smithsonian is an "agency" of the United States under § 1442(a)(1).

Thus, as a "person acting under" an officer of the Smithsonian, Voyles may remove a "civil action" against his actions "under color of such office." We have interpreted "civil action" as including state subpoena proceedings. *Brown & Williamson Tobacco Corp. v. Williams*, 62 F.3d 408, 413–14 (D.C. Cir. 1995). An "act under color of such office" requires removal to "be predicated on the allegation of a colorable federal defense." *Id.* at 413 (quoting *Mesa v. California*, 489 U.S. 121, 129 (1989)).

5

A state subpoena commanding a federal agency to produce its records or have its employees testify about information obtained in their official capacities violates federal sovereign immunity. *See Houston Bus. Journal, Inc. v. Office of the Comptroller of the Currency*, 86 F.3d 1208, 1211 (D.C. Cir. 1996). When a subpoena nominally directed at an agency employee seeks such information, courts nonetheless regard the subpoena as directed at the agency. *See Boron Oil Co. v. Downie*, 873 F.2d 67, 70–71 (4th Cir. 1989); *Sharon Lease Oil Co. v. FERC*, 691 F. Supp. 381, 383–84 (D.D.C. 1988). The employee may therefore remove the subpoena to district court and assert sovereign immunity as a defense. Just so here: Voyles claimed the subpoena requires him to testify "about facts [he] observed by virtue of his official duties and in his official capacity as a federal employee." Notice of Removal of Subpoena 2, Aug. 24, 2007. Whether the subpoena will actually require Voyles to testify about such facts is a question we address next.

B

Although we have decided the Smithsonian is an "independent establishment of the United States" within the FTCA's definition of "[f]ederal agency," we have never decided whether it is entitled to sovereign immunity. *Forman v. Small*, 271 F.3d 285, 295 (D.C. Cir. 2001). *But cf. Misra v. Smithsonian Astrophysical Observatory*, 248 F.3d 37, 39 (1st Cir. 2001) ("The Smithsonian is a federal agency which enjoys sovereign immunity from suit."). In *Expeditions Unlimited* we expressly did "not reach the issue of the Institution's immunity status at common law." 566 F.2d at 296. And we need not engage in this "complex and speculative inquiry,"

6

*see id.* at 299 & n.22, because if the Smithsonian is entitled to immunity, the subpoena would not violate that immunity.[2]

GSK claims it will ask Voyles only about observations he made in his individual capacity. *See Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 689 (1949) ("If the officer purports to act as an individual and not as an official, a suit directed against that action is not a suit against the sovereign."). In response, the government does not claim Voyles made those observations to fulfill his duties as a Smithsonian employee. Nor does the government claim his observations will reveal information in Smithsonian records or about the workings of the Smithsonian.

The government's sole argument is that Voyles only interacted with Collins at work; therefore, all of his observations are Smithsonian information. Compelling Voyles to divulge this information, says the government, makes the subpoena effectively against the United States. However, that argument elides the distinction between observations a federal employee makes in "exercising the powers delegated to him by the sovereign," *id.* at 693, and observations he makes merely because he is present in the workplace.

Observations a federal employee makes to carry out his job responsibilities are unquestionably government information. For example, observations an EPA employee made for an official investigation he conducted were "obtained in his official capacity," and a subpoena directing him to testify about those observations was "inherently that of an action

---

[2] We need not decide whether the Smithsonian is entitled to immunity because the federal defense need only be "colorable" at the time of removal. And here, the federal defense was indeed colorable since we have noted "[s]everal elements" of the Smithsonian's design suggesting "it does have sovereign immunity." *Forman*, 271 F.3d at 295.

7

against the United States." *Boron Oil Co.*, 873 F.2d at 68, 71. Similarly, a subpoena compelling a FERC employee to testify at a deposition "about FERC matters obtained … while acting as a FERC employee," operated against FERC. *Sharon Lease Oil Co.*, 691 F. Supp. at 383.  But no job is all work.  As any well-worn watercooler will attest, people often observe and form personal opinions about their co-workers and share them with their colleagues.  The government cannot credibly assert control over these observations and opinions unless they would reveal information in government records or about the workings of government.  And, of course, the government has made no such claim here.

Finally, the government warns that enforcing the subpoena will open the "floodgates," ominously predicting state courts will indiscriminately pluck federal employees to testify in state-court matters.  But this is implausible.  Sovereign immunity may protect observations a federal employee makes to satisfy his job responsibilities, or that will reveal information in government records or about the workings of government.  Beyond that, however, an employee's casual observations of a co-worker's behavior are not protected.  Accordingly, the Superior Court, and the district court on removal, had jurisdiction to enforce the subpoena commanding Voyles to testify.

We therefore reverse the district court's order quashing the subpoena, and remand for further proceedings.  Although the district court retains jurisdiction over the subpoena proceedings, it may, in its discretion, remand the proceedings to the Superior Court.  *See Dist. of Colum. v. Merit Sys. Prot. Bd.*, 762 F.2d 129, 132–33 (D.C. Cir. 1985).

*So ordered.*